UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X

JULIE TORRES

                            Plaintiff,

         -against-

CITY OF NEW YORK, NEW YORK CITY
POLICE DEPARTMENT, POLICE OFFICER
GEDEON DIEUDONNE (Shield 00203), and JOHN DOES
1-6 (name and Shield Number still UKNOWN)

                           Defendants.
------------------------------------------------------------X

Index No.
ECF CASE

**COMPLAINT**

**JURY TRIAL
DEMANDED**

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.
★ AUG 24 2011 ★
BROOKLYN OFFICE

CV11-4117

MATSUMOTO, J.

LEVY M.J.

### NATURE OF ACTION

    1.    This is an action to recover money damages arising out of defendants' violation of plaintiff's rights as secured by the Civil Rights Act, 42 U.S.C. Section 1983, and of rights secured by the First, Fourth and Fourteenth Amendments to the United States Constitution, and the laws of the State of New York. Plaintiff was deprived of her constitutional and common law rights when the individual defendants caused the unjustifiable arrest of plaintiff, the unlawful confinement of plaintiff and the malicious prosecution of plaintiff. Plaintiff was also deprived of her constitutional and common law rights when the defendants caused the unlawful seizure of Plaintiff's property resulting in its damage and/or loss.

### JURISDICTION

    2.    This action is brought pursuant to 42 U.S.C. §§1983 and 1988, and the First, Fourth and Fourteenth Amendments to the United States Constitution.

    3.    Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1343(a)(3) and

1

(4) and the aforementioned statutory and constitutional provisions.

## VENUE

4. Venue is proper for the United States District Court for the Eastern District of New York pursuant to 28 U.S.C. § 1391 (b) and (c).

## PARTIES

5. The Plaintiff, Julie Torres, is a citizen of the United States, and is and was at all times relevant herein a resident of New York, New York.

6. At all times relevant hereto, Police Officer Gedeon Dieudonne, was acting in the capacity of agent, servant, and employee of Defendant City of New York (herein CITY), and within the scope of his employment as such. Officer Dieudonne is being sued in his individual capacity.

7. At all times relevant hereto, Defendant's John Does 1-6 were acting in the capacity of agent, servant, and employee of the Defendant CITY, and within the scope of their employment as such. John Does 1-6 are being sued in their individual capacity.

8. At all times relevant herein, the individual Defendants were acting under the color of state law in the course and scope of their duties and functions as agents, servants and officers of the NYPD, and otherwise performed and engaged in conduct incidental to the performance of their lawful functions in the course of their duties. They were acting for and on behalf of the NYPD at all times relevant herein, with the power and authority vested in them as officers, agents, and employees of the NYPD and incidental to the lawful pursuit of their duties as officers, employees and agents of the NYPD.

9. Defendant CITY is a municipality organized and existing under the laws of the State of New York. At all times relevant hereto, Defendant CITY, acting through the NYPD, was responsible for the policy, practice, supervision, implementation, and conduct of all NYPD matters and was responsible for the appointment, training, supervision, and conduct of all NYPD personnel. In addition, at all relevant times, Defendant CITY was responsible for enforcing the rules of the NYPD, and for ensuring that the NYPD personnel obey the laws of the United States and the State of New York.

## STATEMENT OF FACTS

10. On July 17, 2010, Plaintiff Julie Torres resided at 171 North 8th Street, Apartment 2, Brooklyn, New York 11211.

11. On July 17, 2010, from the morning to the early afternoon, Plaintiff Julie Torres was on the corner of North 11th Street and Bedford Avenue in Williamsburg, Brooklyn.

12. On July 17, 2010, the Plaintiff Julie Torres had affixed with tape her own original paintings and her own watercolor paper to a scaffold/construction wall located at the above location. Plaintiff Julie Torres was painting on said paper.

13. Ms. Torres engaged in painting outdoors for about two (2) years. The Plaintiff would engage in this practice so that she could obtain inspiration for her work, as well as sell her paintings to the people on the street who were passing by.

14. At the corner of North 11th Street and Bedford Ave. in particular, she had engaged in the exact practice of using tape to affix her own paintings and her own watercolor paper to the scaffold/construction wall and painting on said paper approximately every weekend for the three (3) months prior the incident. She also sold her work at this location.

15. The scaffold/construction wall located at the corner of North 11th Street and

Bedford Ave is described by a representative of Defendant NYPD as a "boundary fence surrounding a piece of city-owned plowed land." There were no signs, posters or placards on the face of this wall indicating that posting paper upon its surface was not allowed. In fact, the face of the wall was plastered with other affixed posters and signs, as well as filled with graffiti.

16. Prior to July 17th, 2010, Plaintiff Julie Torres was observed on numerous occasions at this location taping her watercolor paper to the scaffold/construction wall and painting on said paper by uniformed officers patrolling the area. These uniform officers engaged in friendly conversation with the Plaintiff about her work, and never once indicated that her activities were in any way violating the law.

17. Prior to the arrival of the officers on July 17th, 2010, Plaintiff had not committed a crime nor was she committing a crime when they arrived.

18. On July 17th, 2010, at around 2:00 p.m., the Plaintiff was confronted by three plain clothes police officers whom arrived in an unmarked car, calling for the Plaintiff's attention. One of these Officers is now known to the Plaintiff to be Defendant Gedeon Dieudonne.

19. As the officers approached the Plaintiff, they questioned what she was doing. They also asked for identification and for her address.

20. The Plaintiff, unsure of who they were, asked to speak with a uniform officer to ensure her safety. The question angered the officer now known to be Defendant Dieudonne, causing him to respond with inappropriately threatening words and to indicate that he would call uniformed officers so that the Plaintiff could be taken to jail.

21. Subsequently, the Defendant Officers radioed for back up. Soon, two police vehicles, each containing two uniformed Defendant Officers (four officers in total), arrived at the

location. Defendant Dieudonne ordered a uniformed Defendant Officer to arrest the Plaintiff, which the officer did without question. The Plaintiff was then placed in handcuffs.

22. During the arrest, Officer Dieudonne and the two other plain clothed officers were consistently making disparaging remarks about the Plaintiff's artwork as well as taunting the Plaintiff.

23. Plaintiff Julie Torres requested to be able to take down the art work that was still affixed to the wall with tape. There were approximately five (5) pieces of art displayed on the scaffold/construction wall, four (4) of which were complete. The Defendant Officers allowed the Plaintiff to remove her paintings. The Plaintiff neatly rolled her paintings, which the Defendant Officers confiscated along with approximately forty (40) tubes of paint, paint brushes and two small paint pallets.

24. Plaintiff Julie Torres was then placed in the back of one of the police vehicles.

25. Defendant Officers then brought the Plaintiff to the 94th Precinct in New York, NY.

26. Once inside the Precinct, the Plaintiff Julie Torres was photographed and fingerprinted. For approximately two hours after arrival, the Plaintiff remained cuffed and was placed on a bench outside of the holding cell. Once the holding cell was available, the Plaintiff was placed in the cell for about another two (2) hours.

27. Approximately four (4) hours later, Plaintiff Julie Torres was transferred to Brooklyn Central Booking where she was again photographed and placed in a cell with about twenty (20) other inmates. Some of the other detainees were angry and aggressive, and the Plaintiff feared for her safety.

28. The Plaintiff Julie Torres remained in the holding cell until 1 p.m. on July 18,

2010. The Plaintiff spent approximately twenty-three (23) hours imprisoned.

29. On July 18th, 2010 immediately upon her release from the holding cell, the Plaintiff Julie Torres went before a judge and was released on her own recognizance.

30. At the Plaintiff's first Court date since the arraignment, the District Attorney's Office offered the Plaintiff a plea bargain of the lesser charge of disorderly conduct, which the Plaintiff declined.

31. On October 13, 2010, the Plaintiff's second court date since the arraignment, and after the release of a series of Article discussing the arrest of Ms. Torres, the District Attorney's Office offered the Plaintiff a violation charge, which was declined.

32. On November 18, 2010, the Plaintiff's third court date since the arraignment, the District Attorney's Office dismissed the charges against the plaintiff.

33. The Plaintiff Julie Torres has since received the confiscated paintings back, however they were returned in such a damaged condition that they were no longer suitable for sale.

34. The Plaintiff Julie Torres has still not received the supplies that were confiscated by the Defendant Officers, namely the two (2) art pallets, approximately forty (40) tubes of paint and the paint brushes.

35. The arrest of the Plaintiff by the Defendant Officers was unreasonable and far in excess of their lawful authority as New York City police officers. The arrest of the Plaintiff was made without reasonable or probable cause and the amount of time the Plaintiff spent incarcerated was excessive. The seizure and destruction of plaintiff's property was unlawful.

36. As a direct and proximate result of this unlawful arrest and malicious prosecution, the Plaintiff has suffered and continues to suffer a loss of income, as well as experience

psychological pain, suffering and mental anguish and other losses.

## FIRST CAUSE OF ACTION

### Violation of Plaintiff's Rights under § 1983, U.S. Constitution, and First and Fourteenth Amendments

37. Plaintiff repeats, reiterates and re-alleges each and every allegation contained in paragraphs marked 1 through 36 with the same force and effect as if more fully set forth at length herein.

38. By reason of the foregoing, and by arresting the Plaintiff in response to and in retaliation for statements made by Plaintiff to the Defendants, Officer Defendants deprived Plaintiff of her rights, remedies, privileges, and immunities guaranteed by the First and Fourteenth Amendments of the United States Constitution and laws of the United States in violation of 42 U.S.C. §1983.

39. The Officer Defendants acted under pretense and color of state law and in their individual and official capacities and within the scope of their respective employment as NYPD officers.

40. The Officer Defendants acted beyond the scope of their jurisdiction, without authority of law, and abused their powers.

41. The Officer Defendants acted willfully, knowingly, and with the specific intent to deprive Plaintiff of her constitutional rights secured by the First and Fourteenth Amendments to the United States Constitution and laws of the United States in violation of 42 U.S.C. §1983.

42. As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained the damages herein before alleged.

## SECOND CAUSE OF ACTION

## Violation of Plaintiff's Rights under §1983, U.S. Constitution, and Fourth and Fourteenth Amendments

43. Plaintiff repeats, reiterates and re-alleges each and every allegation contained in paragraphs marked 1 through 42 with the same force and effect as if more fully set forth at length herein.

44. By falsely arresting Plaintiff without probable cause, and holding her under arrest for an extended and unreasonable period of time, and/or failing to prevent other officers from doing so, the Officer Defendants deprived Plaintiff of her rights, remedies, privileges, and immunities guaranteed by the Fourth and Fourteenth Amendments of the United States Constitution and laws of the United States in violation of 42 U.S.C. §1983.

45. The Officer Defendants acted under pretense and color of state law and in their individual and official capacities and within the scope of their respective employment as NYPD officers.

46. The Officer Defendants acted beyond the scope of their jurisdiction, without authority of law, and abused their powers.

47. The Officer Defendants acted willfully, knowingly, and with the specific intent to deprive Plaintiff of her constitutional rights secured by the Fourth and Fourteenth Amendments to the United States Constitution and laws of the United States in violation of 42 U.S.C. §1983.

48. As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained the damages herein before alleged.

## THIRD CAUSE OF ACTION

### Violation of Plaintiff's Rights under § 1983, Malicious Prosecution

49. Plaintiff repeats, reiterates and re-alleges each and every allegation contained in paragraphs marked 1 through 48 with the same force and effect as if more fully set forth at length herein.

50. The Officer Defendants maliciously commenced criminal proceedings against Plaintiff, charging her with the offenses of Criminal Mischief in the Fourth Degree PL 145.00(1), Making Graffiti PL 145.60(2), and Possession of Graffiti Instruments PL 145.65.

51. The Officer Defendants charged Plaintiff with these crimes falsely, maliciously, in bad faith, and without probable cause.

52. After proceedings in New York County Criminal Court in which Plaintiff was forced to defend herself, all charges against Plaintiff were terminated in Plaintiff's favor.

53. As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained the damages hereinbefore alleged.

## FOURTH CAUSE OF ACTION

### Municipal Liability Claim Against the City of New York For Failure to Properly Hire, Train, Supervise and Discipline Employees

54. The Plaintiff repeats, reiterates and re-alleges each and every allegation contained in paragraphs marked 1 through 53 with the same force and effect as if more fully set forth at length herein.

55. Individual Defendants' destruction of property, unlawful arrest and detention without probable cause comprised a violation of Plaintiff's civil right to be free of such actions

9

under the Fourth and Fourteenth Amendments to the Constitution.

56. Individual Defendants' destruction of property and unlawful arrest and detention without probable cause was pursuant to custom, practices, policy or uses of Defendant, the City of New York, through the New York City Police Department.

57. Upon information and belief, Defendant CITY failed to discipline Officer Defendants for their use of unreasonable destruction of the Plaintiff's property.

58. Upon information and belief, Defendant CITY failed to discipline Officer Defendants for the unlawful arrest and detention without probable cause of Plaintiff.

59. Under this custom, usage practice or policy, the City of New York:

   a. encouraged and/or condoned the use of excessive force, unlawful arrest and detention without probable cause;

   b. encouraged and/or condoned the practice of using excessive force, detaining individuals without probable cause and falsely accusing and arresting individuals;

   c. failed to adequately screen applicants to the New York City Police Department;

   d. failed to investigate, or punish the excessive use of force, false arrest and unlawful detentions by the New York City Policy Department;

   e. failed to provide adequate training to its New York City Police Department regarding the use of force, the constitutional limits of force, the proper use of weapons including handcuffs and the proper method of arresting and detaining.

## FIFTH CAUSE OF ACTION

### FALSE ARREST

60. Plaintiff repeats and realleges paragraphs 1 through 59 as if the same were fully

set forth at length herein.

61. The Officer Defendants wrongfully and illegally arrested and imprisoned plaintiff and/or failed to prevent other officers from doing so.

62. The wrongful, unjustifiable and unlawful arrest and imprisonment of plaintiff was carried out without a valid warrant, without plaintiff's consent, and without probable or reasonable cause.

63. The Officer Defendants further falsely arrested and imprisoned plaintiff when they held her in custody for an extended and unreasonable period of time after.

64. At all relevant times, the Officer Defendants acted forcibly in arresting and imprisoning plaintiff.

65. At all relevant times, plaintiff was unlawfully, wrongfully, and unjustifiably arrested, deprived of her liberty, and imprisoned.

66. At all times mentioned, the unlawful, wrongful, and false imprisonment of plaintiff was without right and without cause.

67. All of the foregoing occurred without any fault or provocation on the part of plaintiff.

68. Defendants, their officers, agents, servants, and employees were responsible for plaintiff's arrest and imprisonment during this period of time.

69. The Officer Defendants acted with a knowing, willful, wanton, grossly reckless, unlawful, unreasonable, unconscionable, and flagrant disregard of plaintiff's rights, and are guilty of egregious and gross misconduct towards plaintiff.

70. Officer Defendants were at all times agents, servants, and employees acting within the scope of their employment by the City of New York and the New York City Police

Department, which are therefore responsible for their wrongdoing under the doctrine of respondeat superior.

71. Pursuant to 28 U.S.C. §1367, this Court has pendant or supplemental jurisdiction to hear and adjudicate such claims.

72. As a direct and proximate result of the misconduct and abuse of authority detailed above, plaintiff sustained the damages herein before alleged.

## SIXTH CAUSE OF ACTION

## MALICIOUS PROSECUTION

73. The plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs marked 1 through 72 with the same force and effect as if more fully set forth at length herein.

74. The acts and conduct of the defendants constitute malicious prosecution under the laws of the State of New York. Defendants commenced and continued a criminal proceeding against plaintiff. There was actual malice and an absence of probable cause for the proceeding. In addition, the proceeding terminated favorably to plaintiff.

75. Officer Defendants were at all times agents, servants, and employees acting within the scope of their employment by the City of New York and the New York City Police Department, are therefore responsible for their wrongdoing under the doctrine of respondeat superior.

76. Pursuant to 28 U.S.C. §1367, this Court has pendant or supplemental jurisdiction to hear and adjudicate such claims.

## SEVENTH CAUSE OF ACTION

### Violation of Plaintiff's Rights under §1983, U.S. Constitution, and Fourth and Fourteenth Amendments

77. Plaintiff repeats, reiterates and re-alleges each and every allegation contained in paragraphs marked 1 through 76 with the same force and effect as if more fully set forth at length herein.

78. By unlawfully seizing Plaintiff's property without probable cause, and damaging and/or holding said property for an extended and unreasonable period of time, and/or failing to prevent other officers from doing so, the Officer Defendants deprived Plaintiff of her rights, remedies, privileges, and immunities guaranteed by the Fourth and Fourteenth Amendments of the United States Constitution and laws of the United States in violation of 42 U.S.C. §1983.

79. The Officer Defendants acted under pretense and color of state law and in their individual and official capacities and within the scope of their respective employment as NYPD officers.

80. The Officer Defendants acted beyond the scope of their jurisdiction, without authority of law, and abused their powers.

81. The Officer Defendants acted willfully, knowingly, and with the specific intent to deprive Plaintiff of her constitutional rights secured by the Fourth and Fourteenth Amendments to the United States Constitution and laws of the United States in violation of 42 U.S.C. §1983.

82. As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained the damages herein before alleged.

### JURY DEMAND

83. Plaintiff hereby demands trial by jury of all issues properly triable thereby.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for relief as follows:

That the jury find and the Court adjudge and decree that Plaintiff shall recover compensatory damages in the sum of $1,000,000.00 against the individual Defendants, Police Officer Gedeon Dieudonne, John Does 1-6, The New York City Police Department, and the City of New York, joint and severally, together with interest and costs; and punitive damages in the sum of $2,000,000.00 against the individual Defendants, jointly and severally.

    a. That the Plaintiff recover the cost of the suit herein, including reasonable attorney's feeds pursuant to 42 U.S.C. §1988.

    b. That the Plaintiff have such other and further relief as the Court shall deem just and proper.

DATED:    August 23, 2011
                New York, New York

RICHARD P. REYES, ESQ. (RR 8457)
BARNUM & REYES, P.C.
145 Hudson Street, Suite 5C
New York, New York 10013
(212) 966-3761

NICOLE BARNUM, ESQ. (NB 9543)
BARNUM & REYES, P.C.
145 Hudson Street, Suite 5C
New York, New York 10013
(212) 966-3761